Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5671 | **DATE** | September 8, 2004 |
| **CASE TITLE** | Loveless and Rudner v. Chicago Board of Elections, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, plaintiffs' motion for a temporary restraining order [ ], which we treat as a motion for a preliminary injunction, is denied. Furthermore, there are no remaining issues in the case. Given our disposition of plaintiff's motion, we see no reason why this ruling should not apply equally to plaintiff's request for a permanent injunction. The result of our ruling is that plaintiff is entitled to no relief in this case; therefore, the cause is dismissed with prejudice. ENTER MEMORANDUM ORDER.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | Faxed to: D. Askew D Weinberger J. Scanlon p/up by Mr. Loveless | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices FAXED by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | U.S. DISTRICT COURT | date mailed notice | |
| KAM | courtroom deputy's initials | 2004 SEP 16 PM 4:32 | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

(Reserved for use by the Court)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARC LOVELESS and ROBERT RUDNER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHICAGO BOARD OF ELECTION ) <br> COMMISSIONERS, LANGDON D. NEAL, ) <br> RICHARD A. COWAN, and THERESA M. ) <br> PETRONE, in their official ) <br> capacities as members of the ) <br> Chicago Board of Elections, ) <br> TAMARA SMITH, and DONOVAN BRAUD, ) <br> ) <br> Defendants. ) | No. 04 C 5671 <br><br> DOCKETED <br><br> SEP 1 7 2004 |

## MEMORANDUM OPINION

Before the court is plaintiffs' motion for a temporary restraining order. For the following reasons, the motion, which is treated as a motion for a preliminary injunction, is denied.

## BACKGROUND

Plaintiff Marc Loveless seeks to run for the office of Representative in the Illinois General Assembly for the 14th District in the upcoming November 2004 election. Loveless is the candidate nominated by the Green Party for that office. Plaintiff Robert Rudner is chairman of the 14th District Green Party Legislative Managing Committee.

In May 2004, Loveless's nomination papers for the aforementioned office were filed with the Illinois State Board of

Elections. Two individuals filed objections to Loveless's nomination papers. Because the objections were identical, they were consolidated for hearing and decision.[1] The issue presented was whether Loveless satisfied the requirement of Article 4, Section 2(c) of the Illinois Constitution that to be eligible to serve as a member of the General Assembly, a person must for two years preceding his election or appointment be a resident of the district which he is to represent. As formulated by the Hearing Examiner, the question was as follows: "Has Marc Loveless resided in the 14th Representative District of Illinois continuously since November 3, 2002?" (Complaint, Ex. II, Report of the Hearing Examiner, at 17.)

An evidentiary hearing was held on July 22, 2004. The parties stipulated that Loveless was a resident of the 14th District since June 1, 2003. The sole question of fact was whether Loveless was a resident of the 14th District from and including November 3, 2002 to and including May 31, 2003. Testimony from various witnesses was heard. At the hearing, Loveless argued that the two-year residency requirement violates the Equal Protection Clauses of the state and federal Constitutions.

---

[1] The Report of the Hearing Examiner notes that the defendant Board of Election Commissioners of the City of Chicago is the "duly constituted electoral board for the hearing and passing upon objections to nomination papers of candidates . . . for the November 2, 2004, general election in districts wholly situated within the City of Chicago." (Complaint, Ex. II, Report of the Hearing Examiner, at 1.)

On August 6, 2004, the Hearing Examiner issued his report, which made recommendations to the defendant Chicago Board of Election Commissioners (the "Chicago Board"). The Hearing Examiner recommended that the Chicago Board enter the following findings of fact:

> (a) During all of November 2002, the residence of the Candidate was at 13305 South Baltimore Avenue in Chicago, Illinois.
> (b) The address of 13305 South Baltimore Avenue in Chicago, Illinois, was not, and is not, situated within the 14th Representative District of Illinois.
> (c) The Candidate has not resided within the 14th Representative District of Illinois for the two years preceding the election to be held on November 2, 2004.

(Report of Hearing Examiner at 34.) The Hearing Examiner also recommended that the Chicago Board enter the following conclusions of law and final administrative decision:

> (a) The Candidate does not satisfy the residency requirement imposed by Section 2(c) of Article IV of the Illinois Constitution as a qualification for election as a member of the Illinois General Assembly.
> (b) The Objectors' Petitions are well founded, and the relief sought therein should be granted.
> (c) The Candidate's nomination papers are insufficient in law and fact.
>
> The name of Marc Loveless shall not appear and shall not be printed on the ballot for election to the office of Representative in and for the 14th Representative District of Illinois to be voted for at the General Election to be held on November 2, 2004.

(Report of Hearing Examiner at 34-35.) Regarding Loveless's equal protection argument, the Hearing Examiner stated: "Passing on such a claim is beyond the authority of the Hearing Examiner, but the

Hearing Examiner will note that the claim is unpersuasive." (Report of Hearing Examiner at 32-33.)

The Chicago Board issued its findings and decision on August 10, 2004, adopting the Hearing Examiner's recommended findings and conclusions of law. The Chicago Board sustained the objections, declared Loveless's nomination papers invalid, and declared that Loveless's name shall not appear on the November 2 ballot.

Plaintiffs filed the instant action on August 30, 2004. They contend that the Illinois Constitution's residency requirement for state representative candidates violates their First and Fourteenth Amendment rights. They seek a temporary restraining order and preliminary and permanent injunctions preventing the enforcement of the state constitutional provision and directing that Loveless be placed on the ballot.

## DISCUSSION

Here, defendants had notice of the motion for a temporary restraining order in addition to the opportunity to brief their opposition and to appear for oral argument. In light of these circumstances, we will treat plaintiffs' motion for a temporary restraining order as one for a preliminary injunction. See 11A Charles Alan Wright et al., Federal Practice and Procedure § 2951, at 254 (2d ed. 1995) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an

application for a preliminary injunction and the proceeding is not subject to any special requirements.").

The requirements for a temporary restraining order are the same as for a preliminary injunction. Long v. Board of Educ., Dist. 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). Thus, to obtain injunctive relief, plaintiff must show that (1) no adequate remedy at law exists; (2) plaintiff will suffer irreparable harm absent injunctive relief; (3) the irreparable harm plaintiff will suffer absent injunctive relief outweighs the irreparable harm defendant will suffer if relief is granted; (4) the plaintiff has a reasonable likelihood of prevailing on the merits; and (5) the injunction will not harm the public interest. Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014-15 (7th Cir. 1990). "The plaintiff must satisfy each of these elements to prevail." Id.

Plaintiffs argue that the two-year residency requirement set forth in the Illinois Constitution violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We find that the applicable standard of review for the residency requirement is the rational basis standard. We acknowledge that there is case law (some of which is cited by plaintiffs) applying a strict scrutiny analysis to durational residency or similar requirements for candidacy, see, e.g.,

Billington v. Hayduk, 439 F. Supp. 975 (S.D.N.Y. 1977).[2] However, more recent decisions, including a plurality decision of the United States Supreme Court, have evaluated durational residency requirements using a rational basis test, see, e.g., Clements v. Fashing, 457 U.S. 957, 963-70 (1982) (plurality opinion); MacDonald v. City of Henderson, 818 F. Supp. 303, 306 (D. Nev. 1993) (citing cases). The plurality in Clements stated that "[a] 'waiting period' is hardly a significant barrier to candidacy" and concluded that "this sort of insignificant interference with access to the ballot need only rest on a rational predicate in order to survive a challenge under the Equal Protection Clause." 457 U.S. at 967-68.

Under the rational basis test, "a court must uphold a law so long as it has some rational basis, or as long as it is reasonably related to a legitimate governmental concern." MacDonald, 818 F. Supp. at 306. Citing state legislative history regarding the 1970 Illinois Constitutional Convention, the Chicago Board contends that at least one rational predicate for the durational residency requirement exists: the prevention of political "carpetbagging," that is, an individual "'willy-nilly' mov[ing] into a State and District without any background and experience in the State or

---

[2] In support of their argument, plaintiffs also cite various cases that are inapposite because they involved different types of statutory restrictions-- residency requirements for voters rather than for candidates, restrictions on initiative-petition circulators, durational residency requirements for welfare, or statutes prohibiting multiple-party nominations of the same candidate.

District and 'buy[ing]' or otherwise gain[ing] election to public office." (Memorandum of Chicago Board at 9, quoting Record of Proceedings, Sixth Illinois Constitutional Convention, Vol. VI, at 1339.)

Because the prevention of "carpetbagging" does appear to be a rational basis for the state constitutional provision at issue, plaintiffs do not have a likelihood of prevailing on the merits.[3] See generally Sununu v. Stark, 383 F. Supp. 1287 (D.N.H. 1974), aff'd, 420 U.S. 958 (1975), and Chimento v. Stark, 353 F. Supp. 1211 (D.N.H.), aff'd, 414 U.S. 802 (1973) (summary affirmances of three-judge district court decisions upholding on a strict scrutiny analysis the seven-year residency requirements for state governor and state senator set forth in the New Hampshire Constitution). There is no need to explore the remaining criteria for injunctive relief. See Thornton v. Barnes, 890 F.2d 1380, 1390 (7th Cir. 1989).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for a temporary restraining order, which we treat as a motion for a preliminary injunction, is denied. Furthermore, there are no remaining issues

---

[3] In addition to their Fourteenth Amendment argument, plaintiffs also assert that the constitutional provision at issue violates their First Amendment rights. The Supreme Court in Clements indicated that its Equal Protection analysis applied equally to the First Amendment claim in that case, concluding that the burden on the appellees' First Amendment interests in candidacy was "so insignificant" that the provisions in question could be upheld "consistent with traditional equal protection principles." 457 U.S. at 971.

in the case. Given our disposition of plaintiff's motion, we see no reason why this ruling should not apply equally to plaintiff's request for a permanent injunction. The result of our ruling is that plaintiff is entitled to no relief in this case; therefore, the cause is dismissed with prejudice.

DATE:       September 8, 2004

ENTER:      _____
            John F. Grady, United States District Judge